# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

SHANNON LYNN WELDON                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 4:18-CV-204-RP

COMMISSIONER OF SOCIAL SECURITY                                              DEFENDANT

## FINAL JUDGMENT

Plaintiff Shannon Lynn Weldon filed suit under 42 U.S.C. § 1383(c) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. Having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, the court finds as follows:

The Commissioner's decision is not supported by substantial evidence because the ALJ did not obtain reasonable explanations for apparent conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles as required by SSR 00-4p (S.S.A.), 2000 WL 1898704, at *4. SSR 00-4p imposes an affirmative duty on the ALJ to identify and resolve apparent conflicts between VE testimony and the DOT, and such a conflict is not waived by the claimant's failure to question the VE about it. *Everhart v. Commissioner of Social Security,* No. 3:17cv188-DAS, 2018 WL 3614196, at *3 (N.D. Miss. July 27, 2018); *Lloyd v. Astrue,* No.

1:11cv263-LG-RHW, 2012 WL 3685967, at *3 (S.D. Miss. June 21, 2012), *report and recommendation adopted,* 2012 WL 3655463 (S.D. Miss. Aug. 24, 2012).[1]

In this case the ALJ assigned a significant limitation on the plaintiff's use of her right upper, non-dominant extremity. The VE testified that such an individual could perform the sedentary job of addresser, which the VE testified requires addressing envelopes by hand, whereas according to the DOT that job is performed by hand or typewriter. The ALJ's failure to resolve this apparent conflict undermines the court's confidence both in the number of such jobs that exist in the national economy and in whether the plaintiff could perform it. The court is uncertain whether the number of addresser jobs the VE testified exist in the national economy includes only those jobs requiring addressing envelopes by hand, or whether that number also includes jobs that may require addressing envelopes by typewriter. If the latter is the case, without specific VE testimony the court is uncertain whether such work could be performed by a person with the plaintiff's RFC, as "[m]ost unskilled sedentary jobs require good use of both hands and fingers; i.e., bilateral manual dexterity." SSR 96-9p (S.S.A.), 1996 WL 374185, at *8.

The court is also uncertain whether the plaintiff, whom the ALJ limited to understanding, remembering and carrying out simple instructions, could perform the job of surveillance system monitor as the VE testified. That job requires Level 3 reasoning development, defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form;" and the ability to "[d]eal with problems involving several concrete variables in or from standardized situations. Dictionary of Occupational Titles, 4th ed.,

---

[1] Although the Fifth Circuit stated in *Carey v. Apfel,* 230 F.3d 131, 146-47 (5th Cir. 2000) that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative record," the *Carey* decision predates SSR 00-4p.

APPENDIX C – COMPONENTS OF THE DEFINITION TRAILER, 1991 WL 688702 (G.P.O.) (1991).

The Fifth Circuit has not established whether the ability to perform only "simple" work is inconsistent with Level 3 reasoning development; there is a split of authority on that question among the other circuits; and there is conflicting caselaw at the district court level within the Fifth Circuit. However, in a fairly recent decision this court reversed and remanded a decision denying benefits partly because the ALJ did not elicit an explanation from the VE for the conflict in his testimony that the plaintiff, who was limited to simple instructions, could perform jobs requiring Level 3 reasoning development. *Gheen v. Colvin*, No. 4:16cv32-JMV (N.D. Miss. Oct. 25, 2016), ECF No. 18. In a more recent decision in the Southern District of Mississippi, the court remanded a decision denying benefits because the ALJ did not obtain an explanation for the apparent conflict in the VE's testimony that the plaintiff, who was limited to simple work, could perform the job of surveillance system monitor, which required Level 3 reasoning development. *Councell v. Berryhill,* No. 3:17cv56-CWR-RHW (S.D. Miss. Jan. 1, 2018), ECF No. 18. Likewise, in the instant case, without the VE's explanation for this apparent conflict, the court lacks confidence in his testimony that the plaintiff could perform the job of surveillance system monitor.

Perhaps these errors would be harmless if the other job the VE testified the plaintiff could perform – that of lens inserter – existed in significant numbers in the regional or national economy, but the VE gave no figure for the number of such jobs regionally, and he testified there are 15,000 such jobs nationally. Without more information, the court cannot conclude that this job exists in significant numbers in the regional or national economy, and this case must be remanded.

The Commissioner's decision is reversed and remanded for further proceedings consistent with this Order.

**SO ORDERED**, this the 5th day of July, 2019.

                                                      /s/ Roy Percy
                                                     UNITED STATES MAGISTRATE JUDGE